# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GREAT BAY CONDOMINIUM OWNERS ASSOCIATION, INC., TIMOTHY O'BRIEN, and KEITH CHEATHAM, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT OF THE VIRGIN ISLANDS; MARVIN L. PICKERING, Director of the Bureau of Internal Revenue, in his official capacity, <br><br> Defendants. | Civil No. 2017-33 |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiffs' motion for an order directing the deposit of certain funds into the Court's registry, pursuant to Rule 67 of the Federal Rules of Civil Procedure. [ECF 16] Defendants oppose the motion [ECF 21], and plaintiffs filed a reply [ECF 26]. On July 28, 2017, the Court heard arguments on the motion and requested additional briefing, which the parties provided. [ECF 40, 46]. For the following reasons the Court will deny plaintiffs' motion.

## I. BACKGROUND

On May 3, 2017, plaintiffs Great Bay Condominium Owners Association, Inc. ("GBCOA"), O'Brien, and Cheatham[1] filed suit contesting the Environmental/Infrastructure Impact Fee for Timeshares (the "Impact Fee") established by Virgin Islands Act No. 7987 (the "Act"), and signed into law by Governor Kenneth E. Mapp on March 22, 2017. The Complaint alleges the Impact Fee is a $25.00 fee the Virgin Islands government levies on timeshare owners/users per night of occupancy. [ECF 1] at ¶ 9. The revenues from the Impact Fee are

---

[1] Plaintiff "GBCOA is the association of owners of fractional interests at the Club at Great Bay." Plaintiffs O'Brien and Cheatham are two of those owners. [ECF 1] at ¶ 17; *see also* ¶¶ 1-3, 19.

purportedly allocated to certain government funds for, *inter alia*, the promotion of "'timeshare or vacation club sales,'" medical facilities, and the "'VIESA Contingency Reserve Account.'" *Id*. at ¶¶ 10-12. Plaintiffs challenge the constitutionality of the Impact Fee under the Equal Protection Clause, the Privileges and Immunities Clause, the Commerce Clause and the Fifth Amendment. Plaintiffs also allege a claim under 5 V.I.C. § 80.[2] They seek declaratory and injunctive relief, as well as damages. In addition, plaintiffs seek an order, pursuant to Rule 67 of the Federal Rules of Civil Procedure, to allow them to deposit into the Court's registry the fees otherwise payable to the government, pending the outcome of the case. [ECF 16] at 1.

Defendants oppose the motion, arguing that Rule 67 is inapplicable because it is "not a means to alter the contractual relationships and legal duties of the parties," but rather is "a procedural device to provide a place of safekeeping for disputed funds" during litigation. [ECF 21] at 3-4.

Plaintiffs counter that there is no administrative procedure for them to "pay . . . under protest to preserve their rights," and that Rule 67 provides "protection to both parties." [ECF 26] at 1, 5. Plaintiffs argue further that, as a practical matter, such an order is in the best interest of the parties because it provides for the prompt return of the fees should plaintiffs prevail while assuring defendants that the Impact Fees are timely paid and available in the event of defendants' success. *Id*. at 6.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 67 provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party— on notice to every other party and by leave of court—may deposit with the

---

[2] Section 80 of Title 5 of the Virgin Islands Code provides: "A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds."

> court all or part of the money or thing, whether or not that party claims any of it.

FED. R. CIV. P. 67 (a). The purpose of Rule 67 is to "provide a place of safekeeping for disputed funds pending the resolution of a legal dispute"[3] or "to relieve the depositor of responsibility for a fund in dispute, while the parties litigate their difference with respect to the fund."[4] Rule 67 is not to be used to effect a transfer of property between litigants, or to alter the legal relationships or legal duties between the parties. *See, e.g., Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650, 655-56 (E.D. Pa. 2016) (disallowing a deposit of damages for a named plaintiff in an attempt to moot a class action); *Browning Ferris, Inc. v. Montgomery Cty.*, 1990 U.S. Dist. LEXIS 11800, at *6-7 (E.D. Pa. Sept. 4, 1990) (Rule 67's procedures "cannot be used in such a manner to effectively set-off an undisputed liability against a disputed liability" and thus "alter the contractual relationship" *between* the parties.); *accord Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986).[5] Whether to allow a deposit is within the discretion of the Court.[6]

---

[3] *Browning Ferris, Inc. v. Montgomery County*, 1990 U.S. Dist. LEXIS 11800, at *3-4 (E.D. Pa. Sept. 4, 1990); *see Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650, 655 (E.D. Pa. 2016) (same); *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986) (same).

[4] *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010) (citing 13 James Wm. Moore, et al., Moore's Federal Practice § 67.02 (3d ed. 2009)); *Gulf States Utils. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474-75 (5th Cir. 1987) (discussing Rule 67's purpose—to relieve the depositor of responsibility for a disputed fund—in the context of a contract dispute).

[5] *See also Fulton Dental, LLC v. Bisco, Inc.*, 2017 U.S. App. LEXIS 10839, at *9 (7th Cir. June 20, 2017) (Rule 67 "is *not* . . . a vehicle for determining ownership; that is what the underlying litigation is for.")(emphasis in original); *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d at 641 (disallowing a deposit of funds due under a contract because "Plaintiffs should not be allowed to deprive Defendants of both the benefits of the License Agreement and a right of action for its breach.") (citation, internal quotation marks, and alterations omitted).

[6] *Jarzyna*, 201 F. Supp. 3d at 655 ("The decision whether to allow a Rule 67 deposit is within the court's discretion."); *Browning Ferris, Inc.*, 1990 U.S. Dist. LEXIS 11800, at *4 (same); *Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 2016 U.S. Dist. LEXIS 136450, at *7 (N.D. Ill. Sept. 30, 2016) ("The Court has broad discretion in determining whether to grant a Rule 67 motion.")

**III. DISCUSSION**

Rule 67 requires that the funds sought to be deposited be "in dispute" or "contested."[7] Here, plaintiffs claim that the funds—the Impact Fees—are a disputed "tax," [ECF 16] at 3, and seek to deposit them with the court during the pendency of the case. [ECF 26] at 5. Defendants, on the other hand, analogize plaintiffs' duty to pay the Impact Fee with a party's duty under a contract, relying on contract cases to assert that Rule 67 is "not intended to allow parties to deposit money into a court to avoid a duty." *See* [ECF 21] at 3 (relying on *Dinkins v. Gen. Aniline & Film Corp.*, 214 F. Supp. 281, 283 (S.D.N.Y. 1963)) ("There is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a [party] an opportunity to deprive a[n opposing party] both of the benefits of his contract and of a right of action for its breach.").

The Court finds that that the *funds* themselves are not in dispute; rather, it is authority of the government of the Virgin Islands to impose such fees that is disputed. However, plaintiffs fail to demonstrate how placing the Impact Fee with the Court is permissible under Rule 67. Specifically, plaintiffs provide no authority for the proposition that a tax that is due and owing may be paid into the Court's registry during the pendency of the dispute over the imposition of that tax. Thus, while the Impact Fee law is extant, plaintiffs have a duty to make the payments. Consequently, the Court cannot allow the deposit of this tax into its registry while the parties litigate its constitutionality.

---

[7] *See Jarzyna*, 201 F. Supp. 3d at 656 (finding the application of Rule 67 "inappropriate" where the party seeking the deposit failed to show that the funds were the basis of the dispute or that it sought to relieve itself of administering the asset); *Alstom Caribe, Inc. v Geo. P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007) ("[A] district court should not grant a Rule 67 motion unless the question of entitlement is genuinely in dispute.") (citing *Gulf States Utils. Co.*, 824 F.2d at 1475); *Prudential Ins. Co. of Am.*, 630 F. Supp. at 1300 ("Rule 67 is . . . inappropriate because the sum of money is not itself in dispute;" the parties concede that the money is owed regardless of the litigation's outcome).

Furthermore, although plaintiffs argue that Rule 67 is applicable in part because the Act prescribes "no procedure to appeal or pay under protest, and [because plaintiffs] must comply [with the Act] under the threat of civil and criminal penalties for any failure to pay," [ECF 26] at 1-2, federal law provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. In other words, statutes like 28 U.S.C. § 1341 "evince a policy against interfering with a government's ability to collect revenues and administer its own finances, and against any judicial action which tends to obscure the separation of powers in that regard." *Hotel Holding Corp. v. Dow*, 2001 V.I. LEXIS 49, *7 (V.I. Terr. Ct. Oct. 24, 2001) (citing *Rosewell v. LaSalle Nat'l Bank, 400 U.S. 503, 522 (1981); Belie v. Chester Cty. Bd. Of Assessment Appeals*, 952 F.2d 66, 68 (3d Cir 1991)). Finally, while some Virgin Islands statutes do provide for an administrative process generally referred to as "payment under protest," *see, e.g.*, *Frank v. Gov't of the V.I.*, 2010 U.S. Dist. LEXIS 32341, at *13 (D.V.I. Mar. 31, 2010) (noting that 33 V.I.C. § 2522 provides that a party can pay the tax and public sewer system user fee under protest); *Creque v. Shulterbrandt*, 121 F. Supp. 448, 453 (D.V.I. 1954) (discussing Sections 39, 40, and 41 of the Real Property Tax Regulations of 1936, which allowed a party to pay the tax under protest), the Act does not itself contain such a process. In the event the statute is found to be invalid, plaintiffs may seek redress through the instant lawsuit, not through the provisions of Rule 67.

## IV. CONCLUSION

Plaintiffs have not established that depositing the Impact Fee into the Court's registry is appropriate under Rule 67. Accordingly, the premises considered, Plaintiffs' Motion for Order Directing Deposit of Disputed Funds [ECF 16] is DENIED.

**Dated:** February 9, 2018          S\_____
                                                     **RUTH MILLER**
                                                     United States Magistrate Judge